Rebecca J. Hozubin, Esq.
HOZUBIN, MOBERLY & ASSOCIATES
711 M Street, Suite 2
Anchorage, AK 99501
907-276-5297 – Telephone
907-276-5291 – Fax
Email: rebecca@akdefenselaw.com
Alaska Bar No. 9806016

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GREAT DIVIDE INSURANCE CO., | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| TTL, LLC dba Tree Tops Lodge, | ) |
| MELTON GRIGGERS, | ) |
| RONALD W. HOLLEY, and | ) |
| MILDRED L. HOLLEY | ) |
| | ) |
| Defendants. | ) |
| ___________________________________ | ) Case No. 3:26-cv-00375-_____ |

**COMPLAINT FOR DECLARATORY JUDGMENT ACTION**

Great Divide Insurance Company, by and through its counsel of record, Hozubin, Moberly & Associates, pursuant to 28 U.S.C. §§ 2201 & 2202 and 28 U.S.C. § 1332, hereby asserts its *Complaint for Declaratory Judgment Action* as follows:

1. Great Divide Insurance Company ("GDIC"), is a corporation organized and existing under the laws of the State of North Dakota with its principal place of business in the State of Iowa.

2. GDIC is authorized to transact business in the State of Alaska, has paid all required taxes and fees, has filed all required reports, and has satisfied all other conditions precedent to bringing and maintaining this action.

3. Upon information and belief, TTL, LLC dba TREE TOPS LODGE is an Alaskan limited liability company, entity number 131184.

4. Upon information and belief, Melton Griggers (Defendant Griggers) is a resident of the State of Texas. Upon information and belief, at all relevant times, Defendant Griggers was an employee of TTL, LLC.

5. Upon information and belief Ronald W. Holley is a resident of the State of Texas. Upon information and belief, at all relevant times, Ronald W. Holley was a member, 50% owner and manager of TTL, LLC.

6. Upon information and belief Mildred L. Holley is a resident of the State of Texas. Upon information and belief, at all relevant times, Mildred L. Holley was a member and 50% owner of TTL, LLC.

7. The citizenship of TTL, LLC is Texas based as its members are residents of the State of Texas as alleged above.

8. The citizenship of the LLC is Texas based on the citizenship of its members as alleged above.

9. This is an action for declaratory relief under 28 U.S.C. § 2201 and for such additional and further relief as may be required to enforce a declaratory judgment in accordance with 28 U.S.C. § 2202.

10. This Court has subject matter jurisdiction under 28 U.S.C. § 1332, as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states with GDIC being considered a resident of the State of North Dakota and Defendant TTL, LLC being a Texas LLC, and Defendants Griggers, Holley and Holley being residents of the State of Texas.

11. In accordance with 28 U.S.C. § 1391(b)(1) and (2), venue in this district is appropriate as the events occurred in this district and the policy of insurance was issued for a business that is conducted in the District of Alaska.

12. On and before July 4, 2025, Defendant TTL LLC owned and operated a commercial lodge known as Tree Tops Lodge in Thorne Bay, Alaska.

13. As part of its operations, TTL LLC owned, maintained, and operated at least one vessel for guest transportation and recreation.

14. In connection with the July 4th holiday, Defendant TTL LLC, through its employees and agents, organized a fireworks display from the vessel for its guests and staff.

15. Defendant Griggers was the captain in command of the vessel at that time.

16. Something occurred with the fireworks on the vessel that caused Amy Griggers and others to be injured.

17. Upon information and belief, Amy Griggers was the spouse of Terry Griggers, an employee of Defendant TTL LLC.

18. On or about November 7, 2025, Amy Griggers filed suit against Defendants

TTL and Griggers for injuries she sustained while on Defendant TTL's vessel being operated by Defendant Griggers.[1] The Complaint was titled *Griggers v. TTL LLC dba Tree Tops Lodge and Griggers*, Case No. 1:25-cv-00014, and was filed in U.S. District Court for the District of Alaska.[2]

19. On or about April 22, 2026, an Amended Complaint was filed with the U.S. District Court for the District of Alaska, naming Ronald W. Holley and Mildred H. Holley as defendants as well in *Griggers v. TTL LLC dba Tree Tops Lodge and Griggers*, Case No. 1:25-cv-00014.[3]

20. GDIC issued policy number GC1407394 ("the policy") a policy of insurance naming TTL, LLC d/b/a Tree Tops Lodge as a named insured with a policy term of July 29, 2024 to July 29, 2025 with policy limits of $1,000,000 per occurrence and a $1,000,000 general aggregate.[4] The policy is an occurrence based policy.

21. The policy contains form CG 00 01 (04 13), "Commercial General Liability Coverage Form," under "Coverage A. Bodily Injury and Property Damage Liability," which reads in part:

"SECTION I - COVERAGES

COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY

I. Insuring Agreement.

---

[1] *See* Exhibit 1.
[2] *Id.*
[3] *See* Exhibit 2.
[4] *See* Exhibit 3.

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any “suit” seeking those damages. However, we will have no duty to defend the insured against any “suit” seeking damages for “bodily injury” or “property damage” to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

(1) The amount we will pay for damages is limited as described in LIMITS OF INSURANCE (SECTION III); and

(2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services covered unless explicitly provided for under Supplemental Payments – Coverages A and B.

b. This insurance applies to "bodily injury" and "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory”;

(2) The "bodily injury" or "property damage" occurs during the policy period; and

(3) Prior to the policy period, no insured listed under Paragraph 1. of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then

any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period."[5]

22. The definitions in the policy, which pertain to Coverage A, found in Section V - Definitions, more specifically, numbers 3, 13, and 17 provide:

SECTION V – DEFINITIONS

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

…

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

…

17. "Property damage" means:
   a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
   b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.[6]

23. Coverage A insuring agreement affords liability coverage, in pertinent part, for sums the insureds become legally obligated to pay as damages because of "bodily injury" or "property damage" that occurs during the policy period, caused by an "occurrence," and was not known to the insureds prior to the policy period.

24. The Coverage A insuring agreement is subject to all other provisions, conditions, and exclusions of the policy.

---

[5] Exhibit 3.
[6] Exhibit 3.

25. Liability coverage is also subject to the other provisions, conditions and exclusions in the policy. Policy form endorsement L343 (06/20), "Exclusion - Unmanned Aircraft, Other Than Unmanned Aircraft, Auto Or Watercraft (Limited)", states in part:

> EXCLUSION – UNMANNED AIRCRAFT, OTHER THAN UNMANNED AIRCRAFT, AUTO OR WATERCRAFT (Limited)
>
> This endorsement modifies insurance provided under the following:
>
> COMMERCIAL GENERAL LIABILITY COVERAGE PART
>
> A. Exclusion g. Aircraft, Auto Or Watercraft under Paragraph 2. Exclusions of Section I - Coverage A - Bodily Injury and Property Damage Liability is replaced by the following:
>
> 2. Exclusions
>
> This insurance does not apply to:
>
> g. Aircraft, Auto Or Watercraft
>
> …
>
> (2) Aircraft (Other Than Unmanned Aircraft), Auto Or Watercraft
>
> "Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft (other than “unmanned aircraft”), "auto" or watercraft:
>
> (a) Owned or operated by or rented or loaned to any insured; or
>
> (b) Owned or operated by or rented or loaned to any person employed, contracted or sub-contracted by you, or by others on your behalf. Owned or operated by or rented or loaned to any insured; or
>
> Use includes operation and "loading or unloading".
>
> This Paragraph g.(2) applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring,

employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft (other than “unmanned aircraft”), "auto" or watercraft that is:

(a) Owned or operated by or rented or loaned to any insured; or

(b) Owned or operated by or rented or loaned to any person employed, contracted or sub-contracted by you, or by others on your behalf.

This Paragraph g.(2) does not apply to:

(a) A watercraft while ashore on premises you own or rent; or

(b) "Bodily injury" or "property damage" arising out of:

(i) The operation of machinery or equipment that is attached to, or part of, a land vehicle that would qualify under the definition of "mobile equipment" if it were not subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged; or

(ii) The operation of any of the machinery or equipment listed in Paragraph f.(2) or f.(3) of the definition of "mobile equipment" as follows:

(aa) Cherry pickers and similar devices mounted on automobile or truck chassis and used to raise or lower workers; and

(bb) Air compressors, pumps and generators, including

> spraying, welding, building cleaning, geophysical exploration, lighting and well servicing equipment.

…

All other terms and conditions of this policy remain unchanged.[7]

26. The policy excludes coverage in pertinent part for "bodily injury" arising out of the ownership, maintenance, use or entrustment to others of any watercraft owned or operated by or rented or loaned to any insured, or owned or operated by or rented or loaned to any person employed, contracted or sub-contracted by the insureds, or by others on the insureds' behalf.

27. At the time of the incident, the boat was alleged to be owned by the TTL, LLC DBA Tree Tops Lodge and operated by Defendant Griggers.

> 7. On and before July 4, 2025, Defendant TTL owned and operated a commercial lodge known as Tree Tops Lodge in Thorne Bay, Alaska. As part of its operations, TTL owned, maintained, and operated a fleet of vessels for guest transportation and recreation.
>
> 8. At all material times, Defendants Ronald W. Holley and Mildred L. Holley, as the 50/50 owners and members of TTL LLC, owned and had ultimate authority over TTL and its vessel fleet, including the vessel CAMILLE. Defendant Ronald W. Holley served as Manager of TTL, exercising direct control over its operations.
>
> ..
>
> 12. At all relevant times, Defendant Melton Griggers was the captain of the Vessel, acting within the course and scope of his employment with Defendant TTL. He had ultimate command

[7] Exhibit 3.

and was responsible for the safety of the Vessel and all persons on board.

13. On or about July 4, 2025, Defendant Melton Griggers was operating the Vessel owned by Defendant TTL LLC on navigable waters near Klawock, Alaska.[8]

28. The policy also defines who is an insured:

SECTION II – WHO IS AN INSURED

1. If you are designated in the Declarations as:

…

c. A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

…

2. Each of the following is also an insured:

a. Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. However, none of these "employees" or "volunteer workers" are insureds for:

(1) "Bodily injury" or "personal and advertising injury":

(a) To you, to your partners or members (if you are a partnership or joint venture), to your members (if you are a limited liability company), to a co-"employee" while in the course of his or her employment or performing duties related to the conduct of your business, or to your other "volunteer workers" while performing duties related to the conduct of your business;

[8] Exhibit 2.

(b) To the spouse, child, parent, brother or sister of that co-"employee" or "volunteer worker" as a consequence of Paragraph (1)(a) above;[9]

29. The definitions, which pertain to Coverage A, found in Section V - Definitions, more specifically, numbers 5, 10, 19 and 20 provide:

5. "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

…

10. "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

…

19. "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

20. "Volunteer worker" means a person who is not your "employee", and who donates his or her work and acts at the direction of and within the scope of duties determined by you, and is not paid a fee, salary or other compensation by you or anyone else for their work performed for you.[10]

30. Defendant Griggers was an employee or a co-employee of Defendant TTL, LLC at the time of the incident.

31. Upon information and belief, Amy Griggers was Defendant Griggers' "spouse, child, … or sister" and as such there is no coverage under the terms of the policy for *Griggers v. TTL LLC dba Tree Tops Lodge and Griggers*, Case No. 1:25-cv-00014.

---

[9] Exhibit 3.
[10] Exhibit 3.

32. Finally, the policy excludes coverage for punitive damages. Please see form L217 (06/07):

EXCLUSION - PUNITIVE OR EXEMPLARY DAMAGES

This endorsement modifies insurance provided under the following:
COMMERCIAL GENERAL LIABILITY COVERAGE PART
LIQUOR LIABILITY COVERAGE PART
OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART

The following exclusion is added to 2. Exclusions of Section I:
This insurance does not apply to punitive or exemplary damages.

All other terms and conditions of this policy remain unchanged.

33. Punitive damages have been asserted in *Griggers v. TTL LLC dba Tree Tops Lodge and Griggers*, Case No. 1:25-cv-00014. There is no coverage for the same.

34. GDIC seeks a declaration that Melton Griggers was not an insured under the terms of the policy for the claims asserted by Amy Griggers, as she was “spouse, child… or sister” of Defendant Griggers at the time of the injury, and therefore there is no coverage for the defense of indemnification of Defendants named herein in *Griggers v. TTL LLC dba Tree Tops Lodge and Griggers*, Case No. 1:25-cv-00014.

35. GDIC seeks a declaration that there is no coverage for the defense of indemnification of Defendants named herein in *Griggers v. TTL LLC dba Tree Tops Lodge and Griggers*, Case No. 1:25-cv-00014 based on policy form endorsement L343 (06/20), "Exclusion - Unmanned Aircraft, Other Than Unmanned Aircraft, Auto Or Watercraft (Limited).

36. GDIC seeks a declaration that there is no coverage for punitive damages.

WHEREFORE, GDIC respectfully prays for relief as follows:

1. A declaration that there is no coverage for the defense or indemnification of the Defendants named herein in *Griggers v. TTL LLC dba Tree Tops Lodge and Griggers*, Case No. 1:25-cv-00014.

2. For such other relief as the Court deems just and proper.

DATED this 21st day of October, 2026.

HOZUBIN, MOBERLY & ASSOCIATES
*Attorneys for Great Divide Insurance Company*

By: */Rebecca J. Hozubin*
Rebecca J. Hozubin
711 M Street, Suite 2
Anchorage, AK 99501
907-276-5297 – Telephone
907-276-5291 - Facsimile
Alaska Bar No. 9806016
Email: rebecca@akdefenselaw.com